# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| SAMMY HOWARD, | : | |
| Plaintiff, | : | |
| vs. | : | CA 14-0266-WS-C |
| ALABAMA DEPARTMENT OF CORRECTIONS, et al., | : | |
| | : | |
| Defendants. | | |

## REPORT AND RECOMMENDATION

Sammy Howard filed a § 1983 complaint in this Court on June 10, 2014. (Doc. 1.) The answer and special report of defendants Gwendolyn Givens and the Alabama Department of Corrections (*see* Docs. 15-16) were converted into a motion for summary judgment by order dated October 20, 2014 (Doc. 17). Plaintiff was ordered to file his response to the motion for summary judgment on or before November 24, 2014 (*see id.*); to date, however, plaintiff has not filed a response (*see* Docket Sheet). This prisoner action now has been referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), for appropriate action. For the reasons stated herein, it is recommended that the Court dismiss this action based upon plaintiff's abandonment of his claims and his failure to prosecute this action by complying with the Court's order dated October 20, 2014 (Doc. 17).

As indicated above, plaintiff filed his § 1983 complaint in this Court on June 10, 2014 (Doc. 1), and named as defendants therein the Alabama Department of Corrections ("ADOC"), Gwendolyn Givens, Gary Hetzel, Correctional Officer I Rains, and Jesse Walter Bishop (*see id.*). The Court entered an order directing the Clerk of Court to serve

the defendants in accordance with the Court's standing order dated February 1, 1994 (Doc. 9) and, to that end, the Clerk requested waiver of service from the defendants (Doc. 10). Gwendolyn Givens executed a waiver of service (Doc. 11) but the waivers of service as to the remaining individual defendants, that is, COI Rains, Gary Hetzel, and Jesse Walter Bishop, were returned to the Court as unexecuted (Doc. 12). Plaintiff has not provided the Court with addresses for Rains, Hetzel, and Bishop (*see* Docs. 13-14) and those defendants have never been served with process (*see* Docket Sheet).

On October 17, 2014, defendants Givens and the ADOC filed an answer and special report (Docs. 15-16) and those pleadings were converted into a motion for summary judgment by order dated October 20, 2014 (Doc. 17). The conversion order instructed plaintiff to file his response to the motion for summary judgment by not later than November 24, 2014 (*see id.* at 1 & 3). By that same date, plaintiff was expected "to inform this Court in writing" whether he desired "to continue the litigation of this action." (*Id.* at 3.) Howard was specifically informed that any "[f]ailure to respond by the above-stated date will be considered by the Court as an abandonment of the prosecution of this case by Plaintiff and this case will be dismissed." (*Id.*) To date, petitioner has not filed a response to the motion for summary judgment filed by Gwendolyn Givens and the ADOC or otherwise complied with this Court's order instructing him to file a response by November 24, 2014. (*See* Docket Sheet.)

A plaintiff's failure to respond to a motion for summary judgment establishes an abandonment of all claims asserted by plaintiff against the moving parties. *Compare James v. City of Birmingham, Alabama,* 926 F.Supp.2d 1260, 1265 (N.D. Ala. 2013) ("By not responding [to the motion for summary judgment], plaintiff abandoned his § 1983 claims against the City.") *with Davis v. Coca-Cola Bottling Co. Consol.,* 516 F.3d 955, 971 n.36 (11th Cir. 2008) ("[Plaintiff] did not defend the claim on summary judgment; he

thus abandoned it."). Moreover, an action may be dismissed where the plaintiff fails to prosecute it or if he fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

In this case, plaintiff has not filed the requisite response in opposition to the motion for summary judgment filed by defendants Givens and the ADOC nor has he otherwise complied with the directives set forth in the Court's order dated October 20, 2014. Therefore, it is recommended that the Court **DISMISS WITHOUT PREJUDICE** Howard's § 1983 action.[1] *See Blair v. Riley*, 2009 WL 69235, *1 (M.D. Ala. Jan. 8, 2009).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's *factual findings*." *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013) (emphasis in original). In order to be specific, an objection must identify the

---

[1] Howard's entire action is due to be dismissed without prejudice inasmuch as service has not been perfected on defendants Rains, Hetzel and Bishop and the two defendants who have been served (Givens and the ADOC) are, for the reasons set forth herein, entitled to a dismissal of plaintiff's lawsuit.

specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this the 9th day of December, 2014.

                                                s/WILLIAM E. CASSADY
                                                **UNITED STATES MAGISTRATE JUDGE**